IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

BYRON MITCHELL,
Petitioner,

v.

UNITED STATES OF AMERICA
Respondent

Civil No. AW-13-1551
Crim. No. AW-11-525

## MEMORANDUM OPINION

**I. BACKGROUND**

Before the Court is Petitioner/Defendant Byron Mitchell ("Petitioner")'s Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255. On September 21, 2011, Petitioner was charged in a five-count Indictment with: interference with commerce by threats, in violation of 18 U.S.C. § 1951 (Count I); possession and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count II); carjacking, in violation of 18 U.S.C. § 2119 (Count III); felon in possession of ammunition, in violation of 18 U.S.C. § 922(g) (Count IV); and aiding and abetting, in violation of 18 U.S.C. § 2 (Count V). On April 13, 2012, Petitioner signed a plea agreement with the Government. Petitioner agreed to plead guilty to Counts I and II. Subsequently, Counts III, IV, and V of the indictment were dismissed.

In the plea agreement, the parties stipulated that Petitioner's base offense level for Count I was 20. However, three levels were added because a victim sustained bodily injury. An additional two levels were added because a victim was physically restrained during the commission of the offense. The parties agreed to a three-level decrease due to the acceptance of

responsibility and timely notification of his intent to plead guilty.  Thus, Petitioner's final offense level was 22.  Count II carried a mandatory minimum seven year sentence consecutive to the sentence imposed for Count I.  Additionally, the parties stipulated that Petitioner was a career offender and after acceptance of responsibility, Petitioner's final advisory sentencing guideline range was 262 months to 327 months.

Prior to sentencing, Petitioner's counsel, John Chamble ("Mr. Chamble"), submitted a sentencing memorandum in which he urged the Court to impose a sentence of 262 months, a sentence at the low end of the advisory range.  At the sentencing hearing on August 15, 2012, Mr. Chamble again argued for a sentence of 262 months and informed the Court of Petitioner's mental health deficits, limited intellectual functioning, and long history of substance abuse.

Following an extensive Rule 11 colloquy, the Court sentenced Petitioner to 216 months for Count I and 84 months for Count II to run consecutively (for a total of 300 months), followed by 5 years supervised release.  After noting other considerations, the Court concluded that—due to the Petitioner's repeated offenses, lack of respect for the law, the purpose of deterrence, and the nature of the offense—"a light sentence or a minimum sentence at the low end is [not] warranted here."  The 300-month sentence was the median sentence of the guideline range.  Petitioner did not appeal either the conviction or the sentence imposed by the Court.  Petitioner filed the instant Motion on May 28, 2013. Petitioner's Motion is timely pursuant to 28 U.S.C. § 2255(f).

## II.     ANALYSIS

In support of his Motion filed under 28 U.S.C. § 2255, Petitioner asserts that he was denied the effective assistance of counsel.  Doc. No. 35 at 3.  Petitioner argues that counsel provided ineffective assistance by failing to: (1) disclose deficiencies in the indictment; (2)

object to sentencing errors; and (3) offer evidence of mental health history. *Id.* at 3-13. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy a two-prong test under the well-established standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must: (1) "[S]how that counsel's performance was deficient[,]" and (2) "[S]how that the deficient performance prejudiced the defense." *Id.* at 688. The standard of deficient performance is only satisfied if Petitioner can make a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. When the Court reviews for deficiency of performance, Petitioner must show that "counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. The proper guidepost for review is "prevailing professional norms," and the Court is to be "highly deferential" to counsel's decisions. *Id.* at 688-89.

After Petitioner establishes deficiency, he must then demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Even an unreasonable error by counsel cannot establish prejudice "if the error had no effect on the judgment." *Id.* at 691 (citing *United States v. Morrison*, 449 U.S. 361, 364-65 (1981)). Here, Petitioner entered a guilty plea upon counsel's advice. Thus, in order to satisfy the second prong of prejudice, Petitioner must show that "but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Because the record conclusively show that the Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *See* 28 U.S.C. § 2255(b). For the reasons stated below, counsel's service was not deficient and prejudicial, and thus, Petitioner's Motion will be denied.

First, Petitioner asserts that Mr. Chamble's advice and conduct regarding his guilty plea fell below an objective standard of reasonableness. Doc. No. 35 at 3. In support of his claim,

Petitioner contends that Mr. Chamble advised him to plead guilty to Count V of the indictment, aiding and abetting. *Id.* Additionally, Petitioner asserts that the aiding and abetting count of "the indictment reveal[ed] no conscionable liability of intent" and consequently was "factually [in]sufficient to constitute the alleged crime." Doc. No. 35 at 6-7. Furthermore, Petitioner contends that "nothing within the contours of the indictment places movant on [n]otice that he is the … 'aider or abettor.'" *Id.* Petitioner contends that as a result of the indictment regarding the aiding and abetting count, he did not proffer a knowing and intelligent plea and counsel was ineffective by (1) pressuring defendant to plead guilty, (2) ignoring the indictment's failure to articulate the required facts constituting the offense charged, and (3) failing to disclose the fact that the government could not prove "aiding and abe[t]ting liability." *Id.* at 5. However, pursuant to Petitioner's plea agreement, the aiding and abetting count was dismissed on April 23, 2012. Doc. No. 16 at 1-2. Petitioner only pled guilty to one count of interference with commerce by threats, and one count of possession and brandishing of a firearm in furtherance of a crime of violence. *Id*. Thus, the alleged errors relating to the aiding and abetting charge are not at issue, and Plaintiff can establish neither deficient performance nor prejudice under *Strickland*.

Petitioner's second argument also fails to meet the deficiency prong of the *Strickland* standard. Petitioner asserts that he received "ineffective assistance of counsel during sentencing." Doc. No. 35 at 9. In support of his claim, Petitioner contends that "counsel was mute regarding the 'modified categorical approach,' insofar as, recognizing that two of his prior convictions classified under the 'substantive offenses' were identical." *Id.* However, Petitioner does not provide any factual support to aid his argument regarding his prior identical offenses, and points to nothing on the record to support this claim. Conversely, in his plea agreement, Petitioner agreed to the stipulation that he was a career offender. Doc. No. 16 at 4. In the

statement of facts, it is stated that prior to May 29, 2011, Petitioner sustained two prior felony convictions for crimes of violence. *Id.* at 9. Petitioner asserts that Mr. Chamble failed to lodge the following objections at sentencing: (1) USSG 4A1.3[1] because movant's criminal history overstated his criminal points; and (2) USSG 4A1.1(e) Newly Announced Sentencing Guidelines[2] because the "recency" of a conviction was removed before his sentence was imposed. Doc. No. 35 at 9-10. Again, Petitioner points to nothing on the record to support any of these claims. Thus, Petitioner's argument amounts to a general claim of counsel's deficiency. Such a generalized assertion cannot support a claim of ineffective assistance of counsel, as Petitioner must specifically "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Moreover, it is stipulated in Petitioner's plea agreement that he has the right to argue a sentence at the low end of the advisory range. Doc. No. 16 at 4-5. More importantly, Mr. Chamble's performance was not deficient because he did in fact argue for a sentence at the low end of the guideline range. *See* Doc. No. 22; Doc. No. 32 at 4-8. Both in Petitioner's Memorandum in Aid of Sentencing and at the sentencing hearing itself, Petitioner's counsel argued that the Court should impose a sentence of 262 months after taking into consideration the various factors discussed in 18 U.S.C. § 3553(a). *Id.* The Court took note of the § 3533(a) factors and agreed that it could not provide a sentence at the low end of the guidelines range.

---

[1] The applicable statute, 18 U.S.S.G. § 4A1.3(b)(2)(B), provides prohibitions to downward departures as follows:

(B) ARMED CAREER CRIMINAL.—A downward departure under this subsection is prohibited for an armed career criminal within the meaning of §4B1.4 (Armed Career Criminal).

[2] The applicable statute is 18 U.S.S.G § 4A1.1(e). In a case in which the defendant received two or more prior sentences as a result of convictions for crimes of violence that are counted as a single sentence, one point is added under § 4A1.1(e) for each such sentence that did not result in any additional points under § 4A1.1(a), (b), or (c). A total of up to 3 points may be added under § 4A1.1(e). However, this statute was not used in calculating the Petitioner's offense level. Regardless, even if this statute was used to calculate Petitioner's offense level, it would have been appropriately applied.

5

Doc. No. 32 at 15. The Court found that there was no need to provide a minimum sentence. *Id.* Regardless, even if the Court deemed counsel's performance deficient, Petitioner has failed to show prejudice because he has failed to demonstrate that his sentencing would have been different but for counsel's allegedly deficient performance. *Id.*

In Petitioner's third argument, he asserts that counsel was ineffective for failing to investigate and offer evidence of his mental evaluation to contradict his waiver of appeal. Doc. No. 35 at 10-11. However, Petitioner waived his right to an appeal when he signed the plea agreement. Doc. No. 16. There was no suggestion in this case that Petitioner was incompetent to: (1) stand trial[3]; (2) provide a knowing, intelligent, and voluntary guilty plea; or (3) appreciate the nature, quality, and wrongfulness of his act.[4] It is stated in the mental evaluation that the sole purpose of the examination was to provide recommendations for treatment. Doc. No. 22. at Ex. A. Furthermore, in the Memorandum in Aid of Sentencing, Mr. Chamble offered evidence of Petitioner's mental examination solely for mitigation purposes. Doc. No. 22.

Additionally, there was nothing deficient regarding the manner in which Mr. Chamble offered the mental examination. Mr. Chamble spoke in detail of the mental health evaluation in Petitioner's Memorandum in Aid of Sentencing and during the sentencing hearing. *See* Doc. No. 22; Doc. No. 32 at 4-5. At the sentencing hearing, Petitioner's counsel stated that "I went to great lengths to have Mr. Mitchell evaluated by Dr. Ron Koshes." Doc. No. 32 at 4. Petitioner's

---

[3] A criminal defendant is incompetent to stand trial if the court finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The determination of competency turns on whether the defendant has "(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him." *United States v. Nichols,* 56 F.3d 403, 410 (2d Cir.1995) (quoting *Dusky v. United States,* 362 U.S. 402, 402 (1960) *(per curiam)* (internal quotations omitted).

[4] In order to establish an affirmative defense of insanity "a defendant must prove that he suffered from the illness at the time of commission of the 'act constituting the offense' and [that] as a result of a severe 'mental disease or defect [the defendant] was unable to appreciate the nature and quality or the wrongfulness of his act.'" *Stier v. United States*, 871 F. Supp. 127, 131 (N.D.N.Y. 1994).

6

counsel further explained the doctor's diagnosis and contributing factors that suggested Petitioner's diminished capacity. *Id.* at 4-8. Furthermore, Petitioner's counsel offered into evidence the Petitioner's mental evaluation. Doc. No. 22. Because counsel's performance was not deficient, Petitioner has failed to demonstrate a basis for relief. Accordingly, Petitioner's motion pursuant to 18 U.S.C. § 2255 is DENIED.

## Rule 6 Motion for Discovery

Finally, Petitioner has also moved under Rule 6 of the Rules Governing Section 2255 Proceedings for leave to seek discovery from the government to support of his 18 U.S.C. § 2255 Petition. Rule 6(a) instructs that a District Court may authorize a party to conduct discovery upon a showing of "good cause," and good cause exists "'where specific allegations before the court show reason to believe that Petitioner may, if facts are fully developed, be able to demonstrate that he is ... entitled to relief [.]'" *Bracy v. Gramley,* 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)). Petitioner has not presented good cause for discovery, and his motion will be DENIED.

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255. *See* 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). It is the Court's view that Petitioner has raised no arguments which causes this

Court to view the issues as debatable, or to find that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.

__October 23, 2013_                                                                  _____/s/_____  
      Date                                                                             Alexander Williams, Jr.  
                                                                                        United States District Judge