IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * Crim. No. **11-525 PJM** |
| | * Civ. No. 20-1950 PJM |
| **BYRON MITCHELL**, | * |
| | * |
| Petitioner. | * |

## MEMORANDUM OPINION AND ORDER

On April 23, 2012, Petitioner Byron Mitchell pleaded guilty to interference with commerce by robbery in violation of 18 U.S.C. § 1951 (count I) and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (count II). He is now serving a total term of 300 months of imprisonment, comprising 216 months on count I and 84 consecutive months on count II. Before the Court today is a successive motion to vacate his sentence under 28 U.S.C. § 2255.

On May 28, 2013, Mitchell filed his first *pro se* motion to vacate under section 2255, ECF No. 35, alleging ineffective assistance of counsel, which the Court denied on the merits, *see* Mem. Op. (Oct. 23, 2013), ECF No. 41 (Williams, J.). On November 15, 2013, Mitchell filed a motion for reconsideration. ECF No. 43. The case was subsequently transferred to this Court from Judge Williams, and this Court shortly denied Mitchell's motion for reconsideration. *See* Order (May 22, 2014), ECF No. 45 (Messitte, J.). Mitchell appealed that denial, and the Fourth Circuit ultimately denied certification and dismissed his appeal. Judgment of USCA (Apr. 24, 2015), ECF No. 55.

On March 9, 2016, Mitchell became one of 459 defendants appointed counsel for the purpose of determining whether he was eligible for relief under 28 U.S.C. § 2255 in light of the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). Mot. and Order, ECF No. 57. He was granted authorization to file a successive section 2255 motion to vacate, which, through counsel, he filed on May 26, 2016, ECF No. 59, and supplemented on April 1, 2019, ECF

No. 64. However, following a Fourth Circuit ruling that precluded his argument, on February 5, 2020, Mitchell, again through counsel, voluntarily dismissed the pending section 2255 motion to vacate. Notice of Dismissal, ECF No. 65; *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) still qualifies as a crime of violence under section 924(c)), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019).

On June 26, 2020, Mitchell asked the Fourth Circuit for authorization to file a successive petition for post-conviction relief, which the appellate panel denied. Order of USCA (July 24, 2020), ECF No. 70. Nonetheless, on June 30, 2020, Mitchell filed the present *pro se* motion to vacate. ECF No. 68. On July 14, 2020, he submitted a motion to amend the filing "to clarify and bolster his argument" with legal citations. ECF No. 69. On October 30, 2020, pursuant to a Court order, the Government filed a response in opposition to the motion to vacate. ECF No. 74. Mitchell has not replied or otherwise submitted further filings.

The Government argues in relevant part that Mitchell's motion to vacate should be denied because it is a successive petition under section 2255 without Fourth Circuit authorization pursuant to 28 U.S.C. § 2244(b)(3). The Court agrees with the Government that it lacks jurisdiction to consider Mitchell's motion to vacate. *See* 28 U.S.C. § 2244(b); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Accordingly, it is, this 11 day of May 2021,

**ORDERED**

1. The Motion to Vacate (ECF No. 68) is **DENIED**.
2. The Motion to Amend Filing (ECF No. 69) is **DENIED AS MOOT**.

2

3. The Clerk of the Court shall dismiss Civil Action No. 20-1950.

                                              _____
                                              PETER J. MESSITTE
                                              UNITED STATES DISTRICT JUDGE