IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Crim. No. 8:11-cr-525 PJM |
| BYRON MITCHELL, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

On April 23, 2012, Byron Mitchell pled guilty to interference with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (Count I), and of the possession and use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count II). *See* ECF Nos. 1, 15. On August 15, 2012, Judge Williams of this Court gave him a total sentence of 300 months of imprisonment, consisting of 216 months on Count I and 84 consecutive months on Count II, followed by five years of supervised release. ECF No. 24. Mitchell is currently incarcerated at FCI Gilmer and has a projected release date of September 28, 2032.

On May 28, 2013, Mitchell filed a *pro se* Motion to Vacate, which Judge Williams denied on the merits. *See* ECF No. 42. He then filed a Motion for Reconsideration, which Judge Williams denied on May 22, 2014. *See* ECF Nos. 43, 45. Mitchell filed an appeal, which the Fourth Circuit dismissed for failure to prosecute. *See* ECF No. 49. Mitchell filed two additional Motions to Vacate in 2016, ECF Nos. 59, 68, the first of which he withdrew on February 5, 2020, *see* ECF No. 65, and the second of which this Court denied in May 2021 for lack of jurisdiction, *see* ECF No. 75.

On September 27, 2021, Mitchell filed a *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), seeking relief on two grounds. ECF No. 76.

1

First, he submits that under current sentencing guidelines he would no longer be considered a career offender, and therefore the disparity between his sentence and the current guidelines is severe enough to constitute an "extraordinary and compelling reason" warranting his release or a reduction in his sentence. Second, Mitchell cites his vulnerability to COVID-19. On July 26, 2022, through counsel, Mitchell filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A). ECF No. 79. In that Motion, he reasserted the two grounds for release he put forth in his *pro se* Motion augmented by two additional grounds.

Mitchell asks the Court to reduce his sentence to 180 months, which would result in his release in March 2024. ECF No. 79 at 2. The Government did not respond to Mitchell's *pro se* Motion but has opposed the Motion filed through counsel. Both Motions are before the Court for decision. For the reasons that follow, both are **DENIED**.

## II.   STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to this rule is the First Step Act, 18 U.S.C. § 3582(c)(1)(A), which allows a court to act on a motion for compassionate release filed by a prisoner. *See United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). To grant relief, two conditions must be met: (1) the movant must present "extraordinary and compelling reasons"; and (2) relief must be consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).[1] If a reduction is merited, the court must also find that the petitioner would not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

---

[1] As a threshold issue, the court may only consider a § 3582 motion if the petitioner shows he has fully exhausted all administrative rights with Bureau of Prisons. *See id.* The Government here concedes that Mitchell has exhausted his administrative remedies. ECF No. 87 at 7 n.4.

The Fourth Circuit has held that, while a court must consider any extraordinary and compelling reasons advanced by the petitioner, the Act "does not compel courts to exercise their discretion to reduce any sentence based on those arguments." *United States v. Brice*, No. 21-6776, 2022 WL 3715086, at *2 (4th Cir. Aug. 29, 2022) (citing *Concepcion v. United States*, 597 U.S. 481, 487 (2022)). A district court, however, must take seriously the requirement that they "conduct individualized inquiries" in which they weigh the inmate's personal circumstances against the needs for incarceration. *See McCoy,* 981 F.3d at 284; *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022).

## III.   ANALYSIS

The Court first addresses Mitchell's most recent motion (for sentence reduction), filed through counsel, then turns to Mitchell's *pro se* motion. Finally, it considers whether compassionate release or a sentence reduction is warranted given the applicable § 3553(a) factors.

### A.   Motion for Sentence Reduction Filed Through Counsel

Mitchell argues that four factors, when considered together, create extraordinary and compelling reasons warranting a sentence reduction: (1) the disparity between the sentence he is currently serving and the sentence he might receive under the law today; (2) the disparity between his sentence and those of similarly situated defendants; (3) his rehabilitation; and (4) his vulnerability to COVID-19. *See* ECF No. 79. Mitchell also argues that the factors set forth in 18 U.S.C. § 3553(a) favor the granting of his Motion. *See id.*

First, Mitchell asserts that if he were sentenced today, he would not be classified as a career offender, because his offense of conviction — Hobbs Act robbery — is not a "crime of violence" under the career-offender guideline. *See id.* at 1 (citing *United States v. Green*, 996

F.3d 176, 184 (4th Cir. 2021)). According to Mitchell, this has resulted in an unwarranted and "dramatic sentencing disparity." ECF No. 79 at 1.

The Fourth Circuit has recognized that "gross" or "exceptionally dramatic" sentencing disparities between what a sentence would be under the prior law and the current law *can* constitute extraordinary and compelling reasons to warrant a reduction in a sentence as imposed. *McCoy*, 981 F.3d at 285–86. However, a "change in sentencing law alone does not compel compassionate release." *United States v. Reams*, No. 1:14-CR-426-1, 2022 WL 2834341, at *4 (M.D.N.C. July 20, 2022).

There is no bright line rule to determine what disparity between sentences must exist for it to constitute an extraordinary and compelling reason to warrant a sentence reduction. Courts look instead to a defendant's individualized circumstances. *See United States v. Johnson*, No. 2:08-cr-930-DCN-7, 2023 WL 24129, at *4 (D.S.C. Jan. 3, 2023) ("[D]istrict courts have determined that an inmate failed to present extraordinary and compelling reasons for compassionate release even though he would have been subjected to a lower advisory guideline range if sentenced today."); *United States v. Hallman*, No. 3:12-cr-97-MOC, 2022 WL 4477710, at *3 (W.D.N.C. Sept. 26, 2022) (holding that even though the defendant would no longer be classified as a career offender, the sentencing disparity between the original 360 months to life and the current range of 161 to 180 months did not amount to an extraordinary and compelling reason when his criminal history "would likely have warranted an upward variance"); *United States v. Crumitie*, No. 1:06-CR-271, 2022 WL 1809312, at *4 (M.D.N.C. June 2, 2022) (recognizing that although the defendant would not be considered a career offender and a within-guidelines sentence would be "substantially shorter" if the defendant were sentenced today, that was "only one possible hypothetical result" in light of the plea agreement, the potential for the

4

court to not impose a middle-of-the-range sentence, the violent crime committed by the defendant, and his "long criminal history of assaults and robberies").

If Mitchell were sentenced today, rather than a guideline range of between 262–327 months in prison, Mitchell would face a guideline range of 161–180 months in prison. While the Court acknowledges that disparity, it does not, in the Court's view, amount to an extraordinary and compelling reason. Mitchell entered a C-plea in this case and was sentenced pursuant to the parties' agreement. While a within-guidelines sentence today would be significantly shorter than what Mitchell agreed to, that is "only one possible hypothetical result." *Crumitie*, 2022 WL 1809312, at *4. Alternatively, given Mitchell's criminal history and the nature of the crime he committed, the Government and/or the Court may have deemed an upward variance appropriate.

Regardless of whether Mitchell is classified as a career offender under the Sentencing Guidelines, the crime he committed was violent and callous. Mitchell went into a restaurant in the middle of the day, brandished a firearm, pistol-whipped the manager, locked the manager and another employee in the freezer, and jumped into a minivan occupied by two adults and two children to flee from the police. *See* ECF No. 32 at 8–10. Moreover, Mitchell has a history of committing violent robberies, has reoffended upon release, and has committed infractions while imprisoned. *See id.* at 11–14. The Court agrees with Judge Williams that, "if there were ever a case that calls out for protection of society and deterrence, [it is] certainly this one." *See id.* at 14–15.

Accordingly, the Court finds Mitchell's sentence of 300 months in prison to be justified. *See e.g., United States v. High*, 997 F.3d 181, 189 (4th Cir. 2021) (holding that the district court did not err in finding that a sentence disparity was not extraordinary and compelling in light of a defendant's criminal history and recidivism). Other courts in this Circuit have found that

5

sentencing disparities like Mitchell's do not constitute an extraordinary and compelling reason for a sentence reduction. *See Hallman*, 2022 WL 4477710, at *3 (sentencing disparity between the original 360 months to life and the current range of 161 to 180 months); *Crumitie*, 2022 WL 1809312, at *4 (sentencing disparity between the original 262 to 327 months and the current range of 135 to 147 months).

With respect to his request for compassionate release, the Court is similarly unconvinced that Mitchell has properly demonstrated the existence of a sentencing disparity as between him and similarly situated defendants in other cases. A sentencing disparity may, in limited circumstances, constitute an extraordinary and compelling reason to reduce a sentence. *See United States v. Payton*, PJM-06-cr-341, 2021 WL 927631, at *2–3 (D. Md. March 11, 2021) (granting reduction where defendant's more culpable co-defendant had benefitted from three changes in sentencing regime and been released). But, as set forth above, the seriousness of Mitchell's most recent crime, along with his criminal history and propensity for violence justify the substantial sentence he received.[2]

The Court next turns to Mitchell's alleged risks associated with COVID-19. His health conditions — hypertension, hyperlipidemia, prediabetes, and lung scarring — to be sure are of the type that put a person at greater risk should they contract COVID-19, and could, under certain circumstances, warrant release. However, Mitchell is vaccinated and that decreases his risk. *See United States v. Johnson*, No. 4:19-cr-00579-DCC-1, 2021 WL 1791499 at *2 (D.S.C. May 5, 2021) (petitioner with Type II diabetes, hypertension, and obesity, who had received vaccine did not present extraordinary and compelling reasons for release); *see also United States*

---

[2] Once again, Judge Williams stated that he could not "envision too many other cases that [he had] had in the past 18 years that involved[d] such wanting and callous and deliberate disregard for law, life and safety." ECF No. 32 at 14.

*v. Diaz*, No. CR 19-446 PJM, 2022 WL 2953565, at *2 (D. Md. July 26, 2022). Further, since

Mitchell filed his motions, FCI Gilmer, where Mitchell is incarcerated, has dropped from

Operational Level Three to Operational Level One, indicating that there is a low risk of COVID-

19 transmission in the facility.[3] Currently, BOP reports only one inmate and one staff member

with confirmed active cases of COVID-19. *See id.* Under the circumstances, Mitchell's health

conditions, combined with his risk of contracting COVID-19, do not amount to an extraordinary

and compelling reason for release.

Finally, although it is encouraging to hear that Mitchell has been participating in

rehabilitative programming and employed while incarcerated, and that he has a re-entry plan to

live with family, these actions are not in and of themselves "extraordinary." Instead, it appears to

the Court that Mitchell has simply done the things that prisoners are expected to do while

incarcerated. *See United States v. Locust*, 591 F. Supp. 3d 12, 25 (E.D. Va. 2022). And while the

Court notes that Mitchell has taken some positive steps in custody, he has also committed

disciplinary infractions during that time, including one only two years ago. *See* ECF No. 87 at

12–13. These infractions indicate to the Court that Mitchell yet has some difficulty following the

rules.

In sum, the Court finds that none of the four factors cited by Mitchell independently

constitutes an extraordinary and compelling reason to reduce his sentence. Nor taken together, do

they do so.

---

[3] *See* BOP COVID-19 Statistics, Federal Bureau of Prisons,
https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed Jan. 9, 2024); COVID-19
Modified Operations Plan & Matrix, Federal Bureau of Prisons,
https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp.

### B.   Mitchell's *Pro Se* Motion for Sentence Reduction

Mitchell's *pro se* Motion seeks relief on two grounds: (1) the disparity between his sentence and the current guidelines; and (2) his vulnerability to COVID-19. *See* ECF No. 76. The Court has just analyzed these arguments as Mitchell reasserted them in his later motion filed through counsel. For the reasons previously given, the Court is not persuaded that either of these grounds constitutes an extraordinary and compelling reason to reduce Mitchell's sentence.

### C.   The § 3553(a) Factors

Finally, even if Mitchell met the high burden for a sentence reduction or compassionate release by demonstrating extraordinary and compelling circumstances, which he did not, the Court would retain the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *See United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

The § 3553(a) factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a). In consideration of the nature of Mitchell's most recent crime, the many victims involved, his history of recidivism, the need to protect society from his wanton behavior, and his violent criminal history overall, the Court concludes that the § 3553(a) factors militate against granting either of Mitchell's Motions. His 300-month sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a). Releasing him in March 2024 would neither reflect the seriousness of his offense nor the need for both punishment and

8

deterrence. *See e.g., United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021); *United States v. Hargrove,* 30 F.4th 189, 199 (4th Cir. 2022).

## IV.   CONCLUSION

Accordingly, Mitchell's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (ECF No. 76), and Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 79) are **DENIED**.

A separate Order will **ISSUE**.

Date: January __/ O__ , 2024

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE